**BUTLER COAL, INC. and Williams Brothers Stripping Corporation, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 3, 1967.

Henry J. Potter, Jr., Bowling Green, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith and C. E. Skidmore, Dept. of Highways, Frankfort, for appellee.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, obtained from a landowner, for highway purposes, a deed in fee simple to a tract of 50 acres. This tract was part of a larger acreage on which there was an outstanding mineral lease in favor of Butler Coal, Inc. However, the lease had not been worked and was being kept alive only by delay rental payments on an annual renewal date of May 23.

After obtaining its deed in December 1961 the Commonwealth let a contract for construction of a highway to pass over the 50-acre tract, and in March 1962 the contractor staked out the right of way. In April the contractor cleaned and grubbed out the right of way. However, excavation was not begun until June 14. In the meantime, the mineral lessee failed to make the delay rental payment due on May 23, 1962, whereupon the lease terminated.

In a condemnation action which the Commonwealth had brought it was adjudged that the mineral lessee had no compensable interest in the 50-acre tract and that the Commonwealth had not taken any property of the lessee. The latter has appealed from that judgment, claiming only that the actions of entering upon the land with construction equipment, staking out the right of way, and cleaning and grubbing off the right of way, before the lease had expired, constituted a "taking" of the lessee's property.

We find no merit in the lessee's claim. Being the owner of the surface, the Commonwealth had the right to use the surface in any legitimate manner so long as it did not unnecessarily obstruct or interfere with the rights of the owner of the mineral estate; Wells v. North East Coal Co., 274 Ky. 268, 118 S.W.2d 555; or impose an unreasonable burden on the mineral estate. Jenkins v. Depoyster, 299 Ky. 500, 186 S.W.2d 14. Here, during the period the mineral lease remained in effect, there was no material obstruction of, interference with, or burden on the mineral estate. The mere presence of movable machinery of the highway contractor on the premises was at the most a temporary obstruction not amounting to a "taking" of the mineral estate.

The judgment is affirmed.

All concur.